George F. Carpinello, Esq.
Adam R. Shaw, Esq.
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street
Albany, New York 122047
(518) 434-0600

Charles Juntikka
CHARLES JUNTIKKA & ASSOCIATES LLP
1250 Broadway, 24th Floor
New York, NY  10001
(212) 315-3755

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Rusty Haynes,<br><br>Debtor. | 14-cv-1474 (CS/PED) |
| Rusty Haynes, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>Chase Bank USA, N.A.,<br><br>Defendant. | United States Bankruptcy Court Southern District of New York<br><br>Chapter 7<br><br>Case No. 11-23212 (RDD)<br><br>Adv. Proc. No. 13-08370 (RDD) |

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT CHASE BANK USA, N.A.'S
## MOTION TO WITHDRAW THE REFERENCE

# TABLE OF CONTENTS

Table of Authorities ........................................................................................................ ii

Introduction ..................................................................................................................... 1

Background ...................................................................................................................... 4

Argument ......................................................................................................................... 5

    I.   Mandatory Withdrawal Is Not Warranted .......................................................... 5

        A.   Consideration of the FCRA Is Not Necessary for the Resolution of These Proceedings ........................................................................................... 6

        B.   This Case Does Not Require a "Significant Interpretation" of the FCRA ............... 10

    II.  Permissive Withdrawal Is Not Warranted ...................................................... 13

Conclusion ..................................................................................................................... 14

# TABLE OF AUTHORITIES

## <u>CASES</u>

*City of New York v. Exxon Corp.*,
   932 F.2d 1020 (2d Cir.1991) ................................................................. 6

*In re Chateaugay Corp.*,
   86 B.R. 33 (S.D.N.Y.1987) ............................................................... 5, 6

*In re Croft*,
   500 B.R. 823 (W.D. Tex. 2013) ............................................................ 11

*In re DBSD North America, Inc.*,
   2009 WL 3094885 (S.D.N.Y. Sept. 23, 2009) ................................... 11

*In re Dendy*,
   396 B.R. 171 (Bankr. D.S.C. 2008) ..................................................... 11

*In re Extended Stay Inc.*,
   466 B.R. 188 (S.D.N.Y. 2011) ......................................................... 6, 11

*In re Giles*,
   502 B.R. 892 (Bankr. N.D. Ga. 2013) ................................................. 11

*In re Global Aviation Holdings, Inc.*,
   496 B.R. 284 (E.D.N.Y. 2013) ............................................................ 11

*In re Ionosphere Clubs, Inc.*,
   103 B.R. 416 (S.D.N.Y.1989) ................................................................ 6

*In re Ionosphere Clubs, Inc.*,
   922 F.2d 984 (2d Cir.1990) ............................................................... 5, 11

*In re Johns–Manville Corp.*,
   63 B.R. 600 (S.D.N.Y.1986) .............................................................. 5, 6

*In re Jones*,
   2011 WL 5025329 (Bankr. E.D.Va. Oct. 21, 2011) ....................... 11, 12

*In re Juliao*,
   2011 WL 6812542 (Bankr. E.D. Mich. Nov. 29, 2011) ...................... 11

*In re Mahoney*,
   368 B.R. 579 (Bankr.W.D. Tex. 2007) ................................................ 11

*In re Murphy*,
   482 Fed.Appx. 624 (2d Cir.2012) ................................................................ 13

*In re Odenthal*,
   No. 11-23747 (RDD) (Bankr. S.D.N.Y. April 4, 2013) (Dkt. #30) .................................. *passim*

*In re Orion Pictures, Corp.*,
   4 F.3d 1095 (2d Cir.1993), cert. dismissed, 114 S.Ct. 1418 (1994) ......................................... 13

*In re Quebecor World (USA)*,
   2012 WL 5289919 (S.D.N.Y. Oct. 26, 2012) ........................................................ 13

*In re Reichgott*,
   2013 WL 5492532 (Bankr. N.D. Ohio Oct. 1, 2013).................................................. 11

*In re Smith*,
   2012 WL 566246 (Bankr. W.D. Tex. Feb. 21, 2012) ................................................ 11

*In re Tres Hermanos Dairy, LLC*,
   2013 WL 6198219 (Bankr. D.N.M. Nov. 27, 2013)................................................ 14

*Koch Supply & Trading LP v. Giddens (In re MF Global, Inc.)*,
   484 B.R. 18 (S.D.N.Y. 2012)................................................................ 12

*McKenzie-Gilyard v. HSBC Bank Nevada, N.A. (In re McKenzie-Gilyard)*,
   388 B.R. 474 (Bankr. E.D.N.Y. 2007),
   *aff'd on appeal*, 2008 WL 2622931 (E.D.N.Y. 2008)................................................ 2, 9, 10, 11

*Montgomery v. PNC Bank, N.A.*,
   2012 WL 3670650 (N.D. Cal. Aug. 24, 2012) ......................................................... 7

*Montgomery v. Wells Fargo Bank*,
   2012 WL 5497950 (N.D. Cal. Nov. 13, 2012) ......................................................... 7

*Picard v. HSBC Bank PLC, et al. (In re Madoff)*,
   450 B.R. 406 (S.D.N.Y. 2011) ............................................................ 12

*Picard v. JP Morgan Chase & Co., et al. (In re Madoff)*,
   454 B.R. 307 (S.D.N.Y. 2011) ............................................................ 12

*Russell v. Chase Bank USA, N.A.*,
   *(In re Russell)*, 378 B.R. 735 (Bankr. E.D.N.Y. 2007) ................................................ 2, 7, 9, 11

*Stern v. Marshall*,
   131 S. Ct. 2594 (2011) ............................................................... 13

*Torres v. Chase Bank USA, N.A.,*
  *(In re Torres)*, 367 B.R. 478 (Bankr. S.D.N.Y. 2007) ......................................................*passim*

## STATUTES

11 U.S.C. § 524(a) .....................................................................................................*passim*

28 U.S.C. § 157(d) ....................................................................................................... 1, 5, 13

## OTHER AUTHORITIES

Procedures To Enhance the Accuracy and Integrity of Information Furnished to Consumer
  Reporting Agencies Under Section 312 of the Fair and Accurate Credit Transactions Act,
  74 Fed. Reg. 31494-95 and 31527 (July 1, 2009) ...................................................................... 8

Plaintiff Rusty Haynes ("Plaintiff" or "Haynes") respectfully submits this memorandum of law in opposition to Defendant Chase Bank USA, N.A.'s ("Defendant" or "Chase") motion to withdraw the reference to this adversary proceeding under 28 U.S.C. § 157(d).

## INTRODUCTION

This adversary proceeding is based on Defendants' actions in violation of the discharge injunction in 11 U.S.C. § 524(a).  Plaintiff asserts no claim for a violation of the Fair Credit Reporting Act ("FCRA") or any other federal statute.  Plaintiff alleges that Chase collects debts by threatening in collection letters to debtors to place "charged off" and other similar past due notations on debtors' credit reports to indicate that debts are due and owing and collectible and that Chase actually puts those notations on credit reports.  Chase sells some of its outstanding debt and continues to report such debt to credit reporting agencies as "charged off", that is, that the debt is still currently collectible and due and owing, even after Chase receives notice that the debt has been discharged in bankruptcy.  Chase refuses to remove that credit notation even after debtors complain to Chase.  Chase willfully refuses to change the notations because it has a financial interest in the collection of the discharged debts.  Chase makes money from the sale of its debt and Chase takes a percentage of the money it collects on the debts, even if the debts are discharged in bankruptcy.  "The essence of the plaintiffs' allegations is that Chase has continued to lay a trap for them until the eventual day that they need an accurate credit report."  *Torres v. Chase Bank USA, N.A. (In re Torres)*, 367 B.R. 478, 491  (Bankr. S.D.N.Y. 2007) (Drain, B.J.)

It is clear that Chase's actions in refusing to report debts as discharged are knowing and intentional because it has the ability to delete or suppress the "charged off" notations on credit reports whenever it wants to, even after it has sold the debt.  Indeed, Chase ultimately changed Plaintiff's credit reports, but only after the Bankruptcy Court severely criticized Chase's actions

1

in another action.  Order to Reopen, Tr. at 47-54, *In re Odenthal*, No. 11-23747 (RDD) (Bankr. S.D.N.Y. April 4, 2013) (Dkt. # 30).  *See* Certification of William Zuza, dated Oct. 28, 2013, filed in *In re Haynes,* 11-23212 (RDD) (Dkt. # 15) (affirming that Chase deleted or suppressed the notation referring to Chase's debt on Haynes' credit report in July 2013).

Judge Drain and other bankruptcy judges have already found that these same actions by this very same Defendant (and other banks as well) violate the discharge injunction in § 524(a) of the Bankruptcy Code.  *Torres v. Chase Bank USA, N.A. (In re Torres)*, 367 B.R. 478 (Bankr. S.D.N.Y. 2007) (Drain, B.J.); *Russell v. Chase Bank USA, N.A. (In re Russell)*, 378 B.R. 735 (Bankr. E.D.N.Y. 2007) (Craig, C.B.J.); *McKenzie-Gilyard v. HSBC Bank Nevada, N.A. (In re McKenzie-Gilyard)*, 388 B.R. 474 (Bankr. E.D.N.Y. 2007) (Stong, B.J.), *aff'd on appeal*, 2008 WL 2622931 (E.D.N.Y. 2008).  *See also* Order to Reopen, *In re Odenthal*, No. 11-23747 (Bankr. S.D.N.Y. April 4, 2013) (Drain, B.J.) (Dkt. # 30).

 Contrary to Chase's contention, there is no basis for mandatory withdrawal because this case does not require a material or substantial interpretation of the FCRA.  Chase's liability is based on its violation of § 524(a) of the Bankruptcy Code.  That liability does not turn on whether Chase violated the FCRA – it turns on whether Chase's behavior amounted to an act to collect a debt in violation of the discharge injunction.  It depends on whether Chase intentionally failed to correct the credit reports as part of a pattern and practice to collect discharged debts. That is a quintessential bankruptcy court determination.  Chase's duties under the FCRA are neither a necessary nor sufficient basis to hold Chase liable for contempt of the discharge injunction of the Bankruptcy Code.

Moreover, Chase cannot and does not contend that the Bankruptcy Court's ruling in this case would require Chase to act in contravention of the FCRA or that the Bankruptcy Code

claims asserted here conflict with the FCRA.  Thus, the conflict between the Bankruptcy Code and the FCRA suggested by Chase is illusory.   All Chase has said is that the FCRA does not require them to delete the "charge off" on a sold account.  But, that does not mean Chase is prohibited from deleting the "charge off" on a sold account discharged in bankruptcy when the Bankruptcy Court notifies them of the discharge.  *In fact, Chase has already deleted the "charge off" from the Mr. Haynes' credit report.*  Zuza Decl. at ¶ 3 (Dkt. # 15)   Chase makes no suggestion that their deletion of the Mr. Haynes' "charge off" on July 8, 2013 was illegal under the FCRA.  Nor could they because – at the minimum – such  updates are not prohibited by the FCRA.

Chase claims that the mere failure to correct a credit report on a debt it has sold is not a violation of the FCRA.  Even if that were true (and it is not), it is irrelevant.  Chase's duties under the FCRA are separate and apart from its duty not to collect, or attempt to collect on a discharged debt.  The complaint here alleges more than mere failure to correct.  It alleges that Chase intentionally refuses to correct credit information as part of a pattern and practice of selling and attempting to collect on discharged debt.  The FCRA provides no safe harbor for such conduct.

Even if it were necessary to consider the FCRA to resolve this case (and it is not), no material or substantial interpretation is required.  The Bankruptcy Court is fully familiar with the issues and it and other bankruptcy courts consider the FCRA routinely.  Further, there is nothing novel or complex about the case.  At most it involves a routine and straightforward application of the FCRA.

Nor is permissive withdrawal warranted.  This case involves a core proceeding that is best suited to be adjudicated by the bankruptcy court.  Judge Drain is already familiar with these

3

issues; keeping the case before Judge Drain aids the efficient and consistent application of bankruptcy law.  Chase does not like being before Judge Drain because Judge Drain has ruled on this issue more than once against Chase in *In re Torres* and *In re Odenthal*.  But that type of forum shopping is exactly what the criteria for withdrawal of the reference are meant to prevent.

## BACKGROUND

Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 20, 2011, listing an outstanding debt to Chase.  (Dkt. # 6, Compl. ¶ 25)  Plaintiff's debts, including the Chase debt, were discharged on September 28, 2011.  (Compl. ¶ 26) Chase was notified of the discharge. (Compl. ¶ 28)

Prior to the bankruptcy, Chase claims it sold Haynes's debt to a third party.  But Chase continued to hold a direct and indirect financial interest in Haynes's debt and the portfolio of debts it sold and offers for sale.  (Compl. ¶¶ 16, 19-20) Accordingly after the date of discharge through July 2013, Chase continued to report the Haynes's debt as collectible and "charged off." (Compl. ¶¶ 28-31)  In April 2013, after expressly requested that it do so by Haynes, Chase refused to delete or correct the credit report to reflect the discharge. (Compl. ¶ 29)  On April 4, 2013, this Court held its hearing in *Odenthal* in which it granted debtor's motion to re-open the proceeding to allege a violation of § 524(a) and in which it was critical of Chase's practices. Order to Reopen, Tr. at 47-54; *In re Odenthal,* No. 11-23747 (Bankr. S.D.N.Y. April 4, 2013) (Dkt. # 30).  It was not until months after Haynes complained to Chase, two years after Haynes's discharge, and after the *Odenthal* hearing that Chase deleted or suppressed the "charged off" notation on Haynes's credit report. (Compl. ¶ 30-31)

On December 10, 2013, the Court re-opened Haynes's bankruptcy to allow him to bring claims for violation of § 524.  *In Re Haynes,* 11-23212 (RDD) (Dkt. # 19).  On December 31,

4

2013, Haynes filed an adversary class-action complaint, as amended on January 27, 2014.  (Dkt. #'s 1 and 6).

On February 24, 2014, Chase filed a motion to dismiss the Complaint, or, in the alternative, to strike the class allegations.  (Dkt. # 10).  On February 28, 2014, Chase filed a motion to withdraw the reference and filed a motion to stay those proceedings pending a decision on the motion to withdraw the reference. (Dkt. #'s 13 and 17).

## ARGUMENT

### I.  Mandatory Withdrawal Is Not Warranted.

Withdrawal of the reference to the Bankruptcy Court is mandatory where the District Court determines that "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d).  "The test for mandatory withdrawal under § 157(d) has been narrowly defined," otherwise the statute could be read to remove a large number of cases clearly within the purview of the bankruptcy courts.  *In re Chateaugay Corp.,* 86 B.R. 33, 36 (S.D.N.Y.1987); *see also In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 995 (2d Cir.1990).   In order to find that a proceeding requires consideration of other laws of the United States, "substantial and material consideration of non-Bankruptcy Code federal statutes" must be "necessary for the resolution of the proceeding."  *In re Ionosphere Clubs, Inc.,* 922 F.2d at 995.

In addition, in order to ensure that it "does not become an 'escape hatch' for matters properly before [the bankruptcy] court," *In re Johns–Manville Corp.,* 63 B.R. 600, 603 (S.D.N.Y.1986), courts in the Second Circuit must limit withdrawal to "cases or issues that would otherwise require a bankruptcy court judge to engage in *significant interpretation,* as opposed to *simple application,* of federal laws apart from the bankruptcy statutes."  *City of New*

*York v. Exxon Corp.,* 932 F.2d 1020, 1026 (2d Cir.1991) (emphases added).  Mandatory withdrawal "should be exercised only for 'issues requiring significant interpretation of federal laws that Congress would have intended to have decided by a district judge rather [than] a bankruptcy judge.'"  *In re Chateaugay Corp.*, 86 B.R. 33, 37 (S.D.N.Y.1987) (citing *In re Johns–Manville Corp.,* 63 B.R. 600, 602 (S.D.N.Y.1987)).

Accordingly, courts in this district have held that withdrawal is not mandatory where a case requires the "straightforward application of a federal statute to a particular set of facts."  *In re Johns–Manville Corp.,* 63 B.R. at 602.  Mandatory withdrawal may be met where the non-bankruptcy law under consideration raises complicated issues of first impression which have not yet been considered by a federal court, *In re Ionosphere Clubs, Inc.,* 103 B.R. 416, 419 (S.D.N.Y.1989), or where a federal provision raises a "sharp conflict with competing provisions of the [Bankruptcy] Code."  *In re Chateaugay Corp.,* 86 B.R. 33, 38–39 (S.D.N.Y.1987); *In re Extended Stay Inc.*, 466 B.R. 188, 196 (S.D.N.Y. 2011) (mere contention that non-bankruptcy law is dispositive or in conflict with the Bankruptcy Code does not warrant withdrawal).

Mandatory withdrawal is not warranted here because consideration of the FCRA is not necessary to the resolution of this case nor does such resolution of the case require "significant interpretation" of non-bankruptcy federal law.

### A.  Consideration of the FCRA Is Not Necessary For the Resolution of These Proceedings.

Chase's main argument – that adjudication of the FRCA is a necessary part of this case – is wrong.  This is not an FCRA case.   The Bankruptcy Court below has already ruled on the merits of the same allegations brought against the same Defendant, Chase, in other cases without deciding the FCRA issues that Chase raises.  Indeed the Bankruptcy Court rejected the very same

6

merits arguments that Chase raises here and specifically explained why the case involved the bankruptcy code and not an adjudication of the FCRA.

For example, in *In re Odenthal*, No. 11-23747 (RDD) (Bankr. S.D.N.Y.) the plaintiff debtor sought to reopen the bankruptcy proceedings to bring an adversary complaint against Chase for violating the discharge injunction in § 524 by acting to collect a debt through failing to denote the debtor's discharge on his credit report. Judge Drain explained that "at this stage of the case law, it is hard to find any opinion that stands for the proposition that the failure to correct a credit report when coupled with some showing that the failure is motivated by and directed at an attempt to cause the debtor to pay the debt is not in fact a violation of discharge injunction." Order to Reopen, Tr. at 49, *In re Odenthal,* No. 11-23747 (Dkt. # 30). Like here, Chase argued that it had no duty to correct the credit report under the FCRA because it had sold the debt prior to the bankruptcy. Judge Drain noted that, not only does Chase's position appear to violate the FCRA,[1] but that, in fact, Chase could cite no support for its position as a matter of bankruptcy law. The Court ruled:

---

[1] Chase is wrong that it has no duty under the FCRA to update its own credit reporting and the very language that Chase cites make that clear. Section 1681s-1(a)(2) of the FCRA provides that when any person who regularly reports about transactions with customers determines that its prior reporting about a customer is not complete or inaccurate, it "shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate." There is no doubt that credit reports that list a discharged debt as "charged off" and thus collectible are inaccurate. Order to Reopen, *In re Odenthal,* No. 11-23747 (Dkt. # 30); *Montgomery v. Wells Fargo Bank,* 2012 WL 5497950, at * 3-4 (N.D. Cal. Nov. 13, 2012); *Montgomery v. PNC Bank, N.A.,* 2012 WL 3670650, at * 3 (N.D. Cal. Aug. 24, 2012); *Russell,* 378 B.R. at 743; *Torres,* 367 B.R. at 487-88. Chase's citation to the Federal Trade Commission's discussion of comments submitted as part of its FCRA rulemaking is patently out of context. Reading the commentary *in full* makes this very clear. A creditor who has no further relationship or experience with a customer would not be expected to continue to report on the customer. On the other hand, the FTC made it very clear that a creditor was nonetheless obligated to report cures to the charged-off status of a sold account when the creditor received specific notice of such a cure. The FTC stated that in direct

> Again, this is not solely in fact even not primarily a Fair Credit Reporting
> Act issue; it is really an issue of the effect on the debtor by not correcting
> the report and whether that effect is one that has been placed on the
> debtor intentionally by Chase to induce the debtor to pay the debt.

Order to Reopen, Tr. at 53, *In re Odenthal*, No. 11-23747 (Dkt. # 30).

Several years earlier, Judge Drain had addressed similar issues with Chase in *In re*

*Torres,* 367 B.R. 478 (Bankr. S.D.N.Y. 2007).  The debtor plaintiffs brought adversary

proceedings against Chase for failing to update debtors' credit reports to note the discharge of

Chase's debt.  The court dismissed for lack of jurisdiction the FCRA and defamation claims but

sustained the § 524 claim.  In doing so, the Court explained:

> Chase attempts to overcome this problem by arguing that only credit
> reporting agencies, not information furnishers, face liability under the
> FCRA for the failure to update obsolete reports. However, the plaintiffs'
> claims arise under Bankruptcy Code section 524(a), not the FCRA.
> Particularly where Chase has rebuffed the plaintiffs' requests to correct
> the information it previously provided to the credit reporting agencies,
> one may, in the context of a motion to dismiss, reasonably infer an

---

response to a question about discharges in bankruptcy.  Procedures To Enhance the Accuracy
and Integrity of Information Furnished to Consumer Reporting Agencies Under Section 312 of
the Fair and Accurate Credit Transactions Act, 74 Fed. Reg. at 31494-95 (July 1, 2009) (attached
as Exhibit 1 to the Declaration of Adam Shaw, dated March 14, 2014).   A plain reading of the
actual adopted regulation, Appendix A to 16 CFR Part 660, Section I.(b)(4), makes that clear:

I.  Nature, Scope, and Objectives of Policies and Procedures
    (b)  *Objectives*.  A furnisher's policies and procedures should be
       reasonably designed to promote the following objectives:
          **….**
    (4)  To update the information it furnishes as necessary to reflect the
      current status of the consumer's account or other relationship,
      including, for example:
      (i)   Any transfer of an account (*e.g.*, by sale or assignment for
         collection) to a third party; and
      (ii)  Any cure of the consumer's failure to abide by the terms of
         the account or other relationship.

74 Fed Reg. at 31527 (Shaw Decl., Ex. 1).

  Here, Chase originally reported on Haynes's debt and was notified of the bankruptcy discharge
of the debt.  Moreover, Chase has a continuing relationship to Haynes because it retains a
financial interest in the collectability of the debt notwithstanding the sale of the debt.
Accordingly, Chase does have a duty to update the credit report.

improper purpose underlying Chase's conduct to pressure the plaintiffs to pay their debts without having to construe whether Chase has a separate duty under the FCRA to correct its prior reporting.

· · · ·

Moreover, while noncompliance with the FCRA is not necessary for the plaintiffs to state a claim under Bankruptcy Code section 524(a), Chase's argument that its refusal to correct clearly inaccurate information that it previously reported to the credit reporting agencies does not constitute a violation of the FCRA is questionable. Contrary to Chase's contention that only the credit reporting agencies have such a duty, the 1996 amendments to FCRA, specifically section 1681s–2(a), also impose a duty upon furnishers of information, such as Chase, to provide "accurate information" to credit reporting agencies.

*In re Torres,* 367 B.R. at 488-89.

Similarly, in *In re Russell*, 378 B.R. 735 (Bankr. E.D.N.Y. 2007), the plaintiff debtor

brought a § 524 claim alleging that Chase failed to correct his credit reports to note the discharge

of Chase's debt.  Chief Bankruptcy Judge Craig found:

Chase argues that it was under no obligation under the FRCA to update the outdated and incorrect information appearing on Russell's credit reports. Whether or not this is true (see FRCA § 1681s–2(a), requiring furnishers of credit information to provide "accurate information" to credit reporting agencies), one may, at least in the context of a motion to dismiss, infer an intent to collect a discharged debt from Chase's refusal to comply with Russell's request to correct his credit information.

*In re Russell,* 378 B.R. at 743.

Finally, in *In re McKenzie-Gilyard*, 388 B.R. 474 (Bankr. E.D.N.Y. 2007), *aff'd on*

*appeal,* 2008 WL 2622931 (E.D.N.Y. 2008), the court rejected the same arguments made here by

Chase.  There, the plaintiff debtor brought an action under § 524 against HSBC Bank for failing

to correct her credit reports to show her debts as discharged.  HSBC asserted that it had no duty

to correct the reports under the FCRA because it sold the debts before the bankruptcy.  The court

ruled that the sale of the debts was not a defense to the § 524 action.  Whether or not Chase

violated the FCRA, Plaintiff stated a § 524 claim if "HSBC was aware of the Plaintiff's

bankruptcy discharge; that it was aware that it was reporting on the status of the Account incorrectly; that it had the ability to update or correct its reporting on the status of the Account after the Plaintiff received her discharge; and finally, that it willfully did not do so." *In re McKenzie-Gilyard*, 388 B.R. at 482.  That HSBC had, in fact, changed some of Plaintiff's credit reports and maintained a financial interest in the collection of discharged debts were crucial facts supporting plaintiff's claim.  *Id.* at 484-86.

The allegations here fit squarely within these cases.  Here, Plaintiff alleges that Chase collects debts by threatening in dunning letters to debtors to place "charged off" and other similar past due notations on debtors' credit reports to indicate that debts are due and owing and collectible and that Chase actually puts those notations on credit reports.  Chase sells some of its outstanding debt and continues to report such debt as "charged off" and therefore currently due and owing and collectible.  Chase maintains that notation despite having direct knowledge that the debts have been discharged in bankruptcy.  Chase refuses to delete the notation or note that the debt is discharged even when asked to do so by debtors.  Chase willfully refuses to change the notations because it has a financial interest in the collection of the discharged debts.  It is clear that its actions in refusing to report debts as discharged are knowing and intentional because it has the ability to delete or suppress the "charge off" notations whenever it wants to – as it did in this very case.

### B.  This Case Does Not Require a "Significant Interpretation" of the FCRA.

Even if the Bankruptcy Court needed to apply the FCRA to this case, that would only require "simple application" of that law.  Futher, this and other bankruptcy courts have great

familiarity with that statute and interpret it regularly.[2]  As noted above, Judge Drain, in

particular, has addressed it often.

There is nothing complex about the FCRA provisions that are referenced in this case and

the parties do not dispute what actions Chase took with regard to the credit reports at issue.  The

laws at issue are not new, and both the statutory language and developed case law interpreting it

can be followed by a bankruptcy judge and district court judge "with equal ease."  *In re Global*

*Aviation Holdings, Inc.*, 496 B.R. 284, 287 (E.D.N.Y. 2013) (need to interpret Copyright Act did

not warrant withdrawal).   To find that the straightforward application of such a well-developed

body of federal law demands removal of the reference would, in essence, provide the very

"escape hatch ... to the district court" that Congress expressly intended to avoid in crafting the

mandatory withdrawal provision.  *Id.; In re Extended Stay, Inc.,* 466 B.R. at 203 (no mandatory

withdrawal for straightforward application of federal statute to particular facts); *In re Ionosphere*

*Clubs, Inc.,* 922 F.2d at 995 (no mandatory withdrawal where application of federal law did "not

require the bankruptcy court to engage itself in the intricacies of [a federal statute].").   Because

the Bankruptcy Court's inquiry requires at most a "simple application" rather than a "significant

interpretation" of the FCRA, mandatory withdrawal is not warranted here.  *In re DBSD North*

*America, Inc.*, 2009 WL 3094885 (S.D.N.Y. Sept. 23, 2009).

*Johnson v. First S. Fin. Servs.*, 2010 WL 3909226 (Bankr. N.D. Ala. Sept 30, 2010),

cited by Chase, is inapposite.  Unlike the Plaintiff here, the plaintiff in *Johnson* actually asserted

---

[2] Bankruptcy courts regularly consider the FCRA and credit reporting.  *See, e.g., In re Croft,* 500 B.R. 823 (W.D. Tex. 2013); *In re Reichgott,* 2013 WL 5492532 (Bankr. N.D. Ohio Oct. 1, 2013); *In re Giles,* 502 B.R. 892 (Bankr. N.D. Ga. 2013); *In re Smith*, 2012 WL 566246 (Bankr. W.D. Tex. Feb. 21, 2012); *In re Juliao,* 2011 WL 6812542 (Bankr. E.D. Mich. Nov. 29, 2011); *In re Jones,* 2011 WL 502329 (Bankr. E.D. Va. Oct. 21, 2011); *In re Dendy,* 396 B.R. 171 (Bankr. D.S.C. 2008); *In re Mahoney,* 368 B.R. 579 (Bankr.W.D. Tex. 2007); *In re McKenzie-Gilyard,* 388 B.R. 474, *In re Russell,* 378 B.R. 735.

a claim under the FCRA.  Since the bankruptcy court has no jurisdiction over a post-discharge FCRA claim, the *Johnson* court conditionally dismissed the FCRA claim and made it clear that the case could proceed in bankruptcy court under § 524(a) without the FCRA claim. Alternatively, it gave the parties the opportunity to withdraw the reference with regard to both claims so that they could be considered together in district court.  By conditionally dismissing the FCRA claim, the *Johnson* court made it clear that it had no problem adjudicating the § 524(a) claim.  Here, Plaintiff does not assert an FCRA claim.  Thus, *Johnson* provides Chase with no support.[3]

Chase's last argument for mandatory withdrawal is that Plaintiff is bringing a private right of action that is prohibited under the FCRA, which will require a substantial and material consideration of non-bankruptcy law.  But Plaintiff is not asserting a private cause of action under the FCRA, so whether or not he could bring such an action is not before the Bankruptcy Court.  He is bringing a contempt action for violation of the discharge injunction.  A debtor's remedy for inaccurate reporting undertaken to collect a debt is not limited to a claim under FCRA.  *Torres,* 367 B.R. at 488 n.9; *In re Jones,* 2011 WL 5025329 at * 1.

---

[3] Similarly misplaced is Defendant's reliance (Br. at 8-9) on *Picard v. JP Morgan Chase & Co., et al. (In re Madoff),*454 B.R. 307 (S.D.N.Y. 2011); *Picard v. HSBC Bank PLC, et al. (In re Madoff),* 450 B.R. 406 (S.D.N.Y. 2011); and *Koch Supply & Trading LP v. Giddens (In re MF Global, Inc.),* 484 B.R. 18 (S.D.N.Y. 2012).  None of those cases dealt with the withdrawal of a § 524(a) claim.  Each of those cases stand for the unremarkable application of the standard for mandatory withdrawal under a particular set of facts where there are novel issues of federal statutory law.  The *In re Madoff* cases involved the material "novel" issue of "first impression" of whether the Trustee has standing to bring claims under the Securities Litigation and Uniform Standards Act of 1998 *and* the Securities Investor Protection Act.  *In re Madoff*, 454 B.R. at 312-14; *In re Madoff*, 450 B.R. at 410-13.  Similarly, the *Koch* case involved "at least three novel issues of non-bankruptcy statutory interpretation" under the Commodity Exchange Act and Commodities and Futures Trading Commission regulations.  *In re MF Global,* 484 B.R. at 25. No novel issues of first impression are involved here.

**II.  Permissive Withdrawal Is Not Warranted.**

Section 157(d) provides for permissive withdrawal only by a showing of "cause"

28 U.S.C. § 157(d).   "In determining whether a party has shown 'cause,' courts consider factors

including 'whether the claim or proceeding is core or non-core, whether it is legal or equitable,

and considerations of efficiency, prevention of forum shopping, and uniformity in the

administration of bankruptcy law.'" *In re Murphy,* 482 Fed.Appx. 624, 628 (2d Cir.2012)

(*quoting In re Orion Pictures, Corp.,* 4 F.3d 1095, 1101 (2d Cir.1993)).  While all *Orion* factors

are considered, the first and most important inquiry in the overall evaluation of a request for

permissive withdrawal is whether or not the claim falls within the bankruptcy court's core

jurisdiction.  *Orion,* 4 F.3d at 1101.[4]

Here, there is no doubt – and Chase does not dispute – that the claim for violation of the

discharge injunction under § 524 is a core proceeding.  That factor weighs heavily against

withdrawal.  *In re Quebecor World (USA)*, 2012 WL 5289919 (S.D.N.Y. Oct. 26, 2012) (no

permissive withdrawal for a core claim).   The remaining *Orion* factors do little to help Chase's

argument.  Contrary to Chase's assertion, withdrawal would not promote judicial efficiency.  The

only claim asserted in the Bankruptcy Court is a core claim for violation of § 524.  As the

Second Circuit has explained, "hearing core matters in a district court could be an inefficient

allocation of judicial resources given that the bankruptcy court generally will be more familiar

with the facts and issues."  *In re Orion Pictures Corp.,* 4 F.3d at 1101.  Consideration of

efficiency and uniformity in the administration of bankruptcy law also weigh against withdrawal

because Judge Drain is already familiar with these issues and this Defendant from his prior cases

---

[4] Chase does not argue that *Stern v. Marshall,* 131 S. Ct. 2594 (2011) applies in this case and cannot make that argument on reply.  *Stern* held that non-Article III courts may not be able to enter final judgment in cases that existed at common law in 1789.  *Id.* at 2609.  This is not such a case.  This case involves a core determination under § 524 to be made by the bankruptcy court.

and the developed case law.  *In re Tres Hermanos Dairy, LLC,* 2013 WL 6198219 (Bankr. D.N.M. Nov. 27, 2013) (withdrawal improper where bankruptcy court is more familiar with the issues than the district court).  Also, because it arises there frequently, bankruptcy courts are best suited to issue consistent rulings on violations of § 524.

Finally, Chase's motion smacks of forum shopping.  Chase is trying to avoid Judge Drain because Judge Drain has considered the very issues raised in the adversary before and has ruled unfavorably for Chase.  Order to Reopen, *In re Odenthal*, No. 11-23747 (Bankr. S.D.N.Y. April 4, 2013) (Drain, B.J.) (Dkt. # 30); *In re Torres*, 367 B.R. 478 (Drain, B.J.).  *See also In re Tres Hermanos,* 2013 WL 6198219 at * 4 (withdrawal improper where movant was forum shopping because "it has no desire to argue before this Court" and "hopes that a court with less familiarity with the facts and history of the proceeding might be more likely to" agree with his position.).

<b>CONCLUSION</b>

For all the foregoing reasons, Chase's motion should be denied in all respects.

DATED:  March 14, 2014                    Respectfully submitted,

                                          **BOIES, SCHILLER & FLEXNER LLP**

                                  By:     /s/ George F. Carpinello
                                          George F. Carpinello
                                          Adam R. Shaw
                                          30 South Pearl Street
                                          Albany, NY  12207
                                          (518) 434-0600

                                          **CHARLES JUNTIKKA & ASSOCIATES LLP**
                                          Charles Juntikka
                                          1250 Broadway, 24th Floor
                                          New York, NY  10001
                                          (212) 315-3755

14

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all parties by the Court's

CM/ECF system and also served by electronic mail on the following parties this March 14, 2014:

Jay M. Goffman
Mark A. McDermott
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, New York 10036
Ph:     (212) 735-2120
Fax:    (917) 777-2120
Email: Jay.Goffman@Skadden.com
        JMark.McDermott@Skadden.com

Deborah A. Reperowitz
Amanda L. Genovese
Troutman Sanders LLP
405 Lexington Avenue
New York, New York 10174
Ph:     (212) 704-6230
Fax:    (212) 704-6288
Email: Deborah.Reperowitz@routmansanders.com
        Amanda.Genovese@troutmansanders.com

Michael Y. Scudder, Jr.
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive
Chicago, Illinois 60606
Ph:     (312) 407-0700
Fax:    (312) 827-9477
Email: Michael.Scudder@Skadden.com

                              /s/ George F. Carpinello